IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ADRIAN SHERWOOD<br>*Plaintiff*<br><br>v.<br><br>TOTAL PETROCHEMICALS & REFINING<br>USA, INC.,<br>*Defendant* | CA No.: _____<br><br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, ADRIAN SHERWOOD, (hereinafter referred to as "Sherwood" or "Plaintiff"), complaining of TOTAL PETROCHEMICALS & REFINING USA, INC. (hereinafter referred to as "Total Petrochemicals," or "Defendant") and for cause of action would respectfully show this Honorable Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint alleging race discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

3. Plaintiff files this Complaint alleging retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

4. This action seeks compensatory damages plus lost wages (past, present and future), attorney's fees, taxable court costs, pre-judgment and post judgment interest.

## PARTIES

5.     Plaintiff Adrian Sherwood is an individual who resides in Texas City, Galveston County, Texas.

6.     Defendant TOTAL PETROCHEMICALS & REFINING USA, INC. is a corporation and employs more than fifteen (15) regular employees. Defendant TOTAL PETROCHEMICALS & REFINING USA, INC. can be served by serving its registered agent, CT CORP SYSTEM. 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## VENUE

7.     Venue is appropriate in the United States District Court for the Southern District of Texas, Galveston Division, because a substantial part of the events or omissions giving rise to the matter in controversy before the court occurred in this district and because Defendant has substantial contacts within this district.

8.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, under 28 U.S.C. §1331 and under Title VII, as amended, for employment discrimination on the basis of race and retaliation.

9.     The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL PREREQUISITES

10.     All conditions precedent to the filing of this action have been met by Plaintiff in that he has filed a timely complaint with the relevant agency (EEOC).

11.     Plaintiff has completed all administrative conditions precedent, since Plaintiff filed his charge of discrimination within 180 days of the date Plaintiff learned of the adverse employment action and files this lawsuit within 90 days after receipt of his Notice of Right to Sue.

## FACTS

12.     Plaintiff, an African American male, worked for Defendant from November 1996 until his wrongful termination on or about May 9, 2014.  At the time of his termination, Plaintiff worked as a Lab Technician.

13.     Plaintiff's supervisors during his employment were Charles St. Ama and Kathy Gardner. Plaintiff also reported to technical manager Louis Menghetti, a Caucasian male.

14.     In or about October 2009, Plaintiff was reprimanded for leaving samples that Defendant claimed should have been run prior to the end of his shift.  Despite Plaintiff's explanation that he had run as many samples as possible prior to the end of his shift and notified his relief of the remaining samples, Plaintiff faced disciplinary action in the form of a written warning notice.

15.     Plaintiff's co-worker Allison Fuller (Caucasian female) performed the same/similar action in leaving samples at the end of her shift and additionally left however her shift early, however she did not face disciplinary action (ie. written warning notice).

16.     In or about June 2010, Plaintiff received unfavorable performance evaluations despite his compliance with Defendant's policies and procedures.

17.     In or about July 2010 Plaintiff notified Defendant that he felt that he was being discriminated against and treated less favorably because of his race.  Plaintiff specifically spoke with Karen Isom, Defendant's Manager of HR & Site Services, about his concerns.

18.     In May 2012, Plaintiff received yet another negative performance evaluation for the review of his performance in 2011.  He disagreed with his performance evaluation and complained to Donna Stevens and Terry Seneca, Defendant's HR Managers/Representatives.

19. In or about May 2012, Plaintiff asked for the third time how to file a formal complaint regarding the discrimination he faced at work.

20. In or about June 2012, Plaintiff was cursed at by a co-worker, Allison Fuller (Caucasian female), while at work.  He complained to Mr. Seneca and informed him that he wanted to file a harassment complaint.  To Plaintiff's knowledge, no follow-up actions were taken by Defendant to address his concerns and/or file his complaint.

21. Also in June 2012, just approximately one day after Plaintiff complained to Defendant about what he felt was discrimination at work based on his race, Plaintiff received a Warning Notice and was placed on probation for twelve months.

22. Plaintiff also was forced to attend an Employee Assistance Program for anger management.  Defendant threatened that if Plaintiff did not complete the program he would be terminated.

23. Additionally, Plaintiff contends that he did not sign a June 13, 2012 warning notice received and the signature that appears on that document is forged as another attempt by Defendant to harass and retaliate against him because of his race.

24. Again, Plaintiff contacted Donna Stevens and asked to file a complaint against his supervisor, Charles St. Ama.

25. In addition to the previous complaints, including but not limited to his conversations with supervisors, in or about December 2013, Plaintiff made at least six written complaints to his supervisors and managers including Charles St. Ama, Terry Seneca and Carolyn Sanders regarding the racial discrimination he faced at work.  No action was taken to address his complaints.

26.   On or about February 24, 2014, Plaintiff sent an email to Ray Bednar, Manager, informing him of the racial discrimination he faced at work continuously by co-workers, managers and supervisors.  Plaintiff told Mr. Bednar that due to the treatment he faced at work, he filed two prior EEOC charges of discrimination.  Plaintiff informed him that co-workers asked personal questions about the whereabouts of his daughter and he felt that actions taken against him at work would not have occurred if he were not African-American.

27.   On or about April 12, 2014, Plaintiff complained to Terry Seneca and Charles St. Ama when Allison Fuller (Caucasian co-worker), referred to Plaintiff as a boy and a child. Plaintiff felt that these comments were being directed at him because he was a black man and comparing him to a child was discriminatory and made him feel humiliated.  Plaintiff perceived these comments to be racially motivated.

28.   Plaintiff was terminated on May 9, 2014 and was given no reason or explanation for his termination from Defendant.

29.   This was less than one month after he had complained about Ms. Fuller's discriminatory behavior.

30.   Defendant discriminated and retaliated against Plaintiff in violation of Title VII of the Civil  Right Act (as amended) based on his race and in retaliation for engaging in protected activity.

## CAUSES OF ACTION

### I.
### *RACE DISCRIMINATION UNDER TITLE VII*

31.   Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

32.    Defendant has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race.   Plaintiff was subjected to discriminatory treatment that resulted in his unlawful termination on the basis of his race, in violation of Title VII.

33.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard of the rights of Plaintiff – entitling Plaintiff to punitive damages.

34.    As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost employment opportunities, lost wages, lost back pay and front pay, lost benefits, and attorneys' fees and costs.  Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendant under Title VII.

35.    As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer impairment to his name and reputation, humiliation, embarrassment, emotional distress, and mental anguish.  Plaintiff is entitled to recover damages for such injuries form the Defendant under Title VII.

## II.
### RETALIATION UNDER TITLE VII

36.    Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

37.    Defendant retaliated against Plaintiff for having complained of discrimination based on his race, and for engaging in protected activity, in violation of Title VII.

38.    Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, and/or conducted in callous disregard of the rights of Plaintiff – entitling Plaintiff to punitive damages.

39.   As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost employment opportunities, lost wages, lost back pay and front pay, lost benefits, and attorneys' fees and costs.  Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from Defendant under Title VII.

40.   As a further result of Defendant's unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer impairment to his name and reputation, humiliation, embarrassment, emotional distress, and mental anguish.  Plaintiff is entitled to recover damages for such injuries form the Defendant under Title VII.

## DAMAGES

41.   As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## ATTORNEY'S FEES

42.   Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis Street, suite 200, Houston, Texas 77002 in initiating this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.  An award of reasonable and necessary attorney's fees to Plaintiff would be equitable and just and therefore authorized by Section 37.009 of the Civil Practice and Remedies Code.

## JURY DEMAND

43.   Plaintiff hereby re-states his request for a jury trial.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and then on final hearing, Plaintiff have judgment as follows:

a. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

b. Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

c. Judgment against Defendant, for front pay by Plaintiff as alleged herein;

d. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

e. Pre-judgment interest at the highest legal rate;

f. Post-judgment interest at the highest legal rate until paid;

g. Compensatory damages;

h. Attorney's fees;

i. All costs of court expended herein;

j. Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
ROSENBERG & SPROVACH
3518 Travis, Suite 610
Houston, Texas 77027
(713) 960-8300 (Tel)
(713) 621-6670 (Fax)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                          ATTORNEYS FOR PLAINTIFF